LOUGHRIDGE *v.* WILSON & COMPANY.

SIMMONS, C. J. The note sued on was, under our law, a negotiable instrument, and a bona fide holder before due was protected as such; and there being no evidence in the record of legal payment to the holder, it was not error for the court to direct a verdict for the plaintiffs.

*Judgment affirmed. All the Justices concurring.*

Argued April 20, — Decided May 20, 1897.

Complaint on note. Before Judge Milner. Murray superior court. February term, 1896.

An action against John H. Loughridge upon a promissory note for $150, and interest, dated April 7, 1890, and due December 1, 1890, payable to R. C. Shelley or order, and indorsed in blank by the payee, was brought by E. Wilson & Co. The defendant pleaded: (1) That the note is not a negotiable promissory note entitled to the privileges of negotiable paper. (2) Plaintiffs were not bona fide purchasers. (3) The note was paid in full, when it was due, to R. C. Shelley, the payee. At the trial the plaintiffs introduced the note in evidence, and closed. In addition to the indorsement of R. C. Shelley, the note had on it the following indorsements which had been canceled: "Endorsements guaranteed. Pay J. H. Rathburn, cashier, or order, for collection for Boylston National Bank of Boston, D. S. Waterman, cashier." "E. Wilson & Co., by their atty., Thos. C. Bachelder."

Defendant testified: The note sued on was given by him, together with another note for like amount and due one year later, for a piano; about the time the note sued on fell due he received a letter, which has been lost, from R. C. Shelley, at Chattanooga, Tenn., to send him the money on the note; he gave the money to C. L. Terry, through whom he had bought the piano, to send to Shelley; never heard anything more of this note till about the last of June, 1892; this was more than eighteen months after the note was due. When the second note fell due, about the 1st of December, 1891, he received notice from the First National Bank of Chattanooga that the note was there for collection; he sent the money there and paid it off through a certificate of deposit in the First National Bank of Dalton, payable to J. H. Rathburn, cashier of the First National

Bank of Chattanooga. About the last of June, 1892, the note now in suit was sent to the First National Bank of Dalton, with a draft on B. F. C. Loughridge, witness's brother, for the amount of the note; this was the first time that witness ever heard that plaintiff or any other person claimed any interest in the note except the payee himself.—L. C. Terry testified, that he had acted as agent for Shelley in selling the piano to Loughridge, and that when the first note fell due Loughridge came to him with $150 to send to Shelley in payment of the note. With this money he purchased a check for $140 from Trammell Starr and sent the same to Shelley at Chattanooga. The other $10.00 was witness's commission for the sale of the piano; never heard anything more about the matter till about the last of June, 1892, when he learned that the note had been sent on for collection, as stated by Loughridge. Shelley lived at Chattanooga, Tenn. Witness wrote Shelley at Chattanooga, but got no answer for some time; possibly he may have written twice; when he heard from him he was in Kentucky, traveling for a music-house in Nashville. In this letter written from Kentucky, Shelley acknowledged receipt of the money; this letter was here at the first trial of the case, but has been mislaid since. Witness has never heard from Shelley since getting this letter.—Trammell Starr testified, that he gave Terry the check as above testified, and the same was returned to him as paid; presumes that Shelley's indorsement was on it, but does not remember; it could not have been paid without it; there were some bank indorsements, but he does not remember what bank.—R. I. Peak testified, that he was cashier of the First National Bank of Dalton; that about December 1, 1891, some person, Dr. Harris he thought, deposited with him for John H. Loughridge $150.00, and took a certified check of deposit for that amount, payable to J. H. Rathburn, cashier of the First National Bank of Chattanooga, which in a few days thereafter was paid, his bank giving credit to the First National Bank of Chattanooga for that amount; that some days after the 11th of June, 1892, the note now sued on was received by the bank of which he was cashier from Thomas C. Bachelder, with a draft attached for the amount of the note, on B. F. C. Loughridge at Dunn, Ga.; that

he wrote Loughridge, payment was refused, and he returned the note to Bachelder the 28th of June, 1892. Defendant then read in evidence a note, an exact copy of the one here sued on, except that it was due December 1, 1891, and is described as the second of the series given for the purchase of the instrument. This note was indorsed: "R. C. Shelley." "Endorsements guaranteed. Pay 3d National Bank, N. Y., or order, for coll. for acct. of Boylston National Bank of Boston. D. S. Waterman, cashier." "Pay to the order of First National Bank, Chattanooga, for coll. for acct. of 3d National Bank, N. Y., H. Chapin Jr., cashier."—R. J. McCamy testified, that he had investigated the laws of Tennessee on one point, both in the books and in trying a case there; the law in Tennessee is, that where the plaintiff, claiming to be the holder, for value and before due, of a negotiable paper, sues on the same, the defendant can make a prima facie defense by showing anything that would defeat the payee's right to recover; when this is done the burden is on plaintiff to show that he is a bona fide holder for value before due and without notice of defense. The law is not the same in Georgia. He is not a Tennessee lawyer.

The court directed a verdict for plaintiffs, and defendant excepted.

*R. J. & J. McCamy*, for plaintiff in error.
*Shumate & Maddox*, contra.